# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:20-MC-157-FDW-DCK

| | | |
|---|---|---|
| **JAIME PIZARRO et al.,** | ) | |
| | ) | |
| **Petitioners**, | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ALIGHT FINANCIAL ADVISORS, LLC,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Petitioners' "…Rule 45 Motion To Compel Production Against Alight Financial Advisors, LLC" (Document No. 1); "Petitioners' Rule 45(f) Motion To Transfer" (Document No. 16); and "Petitioners' Motion To Expedite Briefing Schedule On Motion To Transfer" (Document No. 19). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for review. Having carefully considered the motions and the record, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

## BACKGROUND

Petitioners initiated this action with the filing of their "…Rule 45 Motion To Compel Production Against Alight Financial Advisors, LLC" (Document No. 1) on October 6, 2020. Petitioners seek to compel Alight Financial Advisors, LLC ("Respondent" or "AFA") "to produce documents responsive to the subpoena issued on March 23, 2020." (Document No. 1, p. 2). The motion to compel has been fully briefed. <u>See</u> (Document Nos. 9 and 15).

On January 28, 2021, Petitioners filed a "…Rule 45(f) Motion To Transfer" (Document No. 16). Petitioners' recent motion suggests that this matter be transferred to the United States

District Court for the Northern District of Georgia where two related actions are pending - <u>Pizarro, et al. v. The Home Depot Inc., et al.</u>, 1:18-CV-01566 (N.D. Ga. filed Apr. 12, 2018) ( the "Main Case") and <u>Pizarro, et al. v. The Home Depot, Inc., et al.</u>, 1:20-CV-04660 (N.D. Ga. filed Oct. 27, 2020). (Document No. 17, p. 2). Both Georgia actions are presided over by the Honorable William M. Ray II ("Judge Ray"). <u>Id.</u> Petitioners note that they filed a "companion motion" (the "FE Motion") to the instant motion in this Court, against Financial Engines Advisors, LLC ("FE"). The FE Motion was originally filed in the Northern District of California on October 27, 2020, and then transferred to the Northern District of Georgia on or about November 5, 2020.

"Petitioners' Motion To Expedite Briefing Schedule On Motion To Transfer" (Document No. 19) was also filed with this Court on January 28, 2021. Respondents oppose the motions to transfer and expedite. <u>See</u> (Document Nos. 23 and 26).

On February 9, 2021, Petitioners filed a "Notice Of Supplemental Authority In Support Of Petitioners' Rule 45 Motion To Compel Against Alight Financial Advisors, LLC" (Document No. 25). Petitioners' "Notice…" provides that Judge Ray held a hearing on February 4, 2021, and "indicated that he would **grant** Petitioners' Motion to Compel against FE in substantial part and require FE to disclose data regarding the fees FE charged each of its over 1,000 401(k) plan clients (*see* Dkt. No. 18 at 35) in an anonymized format." (Document No. 25, pp. 1-2) (citations omitted).

The undersigned notes that an "Order Granting Plaintiff's Motion To Compel Against Financial Engines Advisors, LLC" was entered by Judge Ray on February 12, 2021. <u>See</u> <u>Pizarro, et al. v. The Home Depot, Inc., et al.</u>, 1:20-CV-04660-WMR, Document No. 33 (N.D. Ga. Feb. 12, 2021).

The pending motions before this Court are now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

Petitioners are also plaintiffs in the underlying action Pizarro et al. v. The Home Depot, Inc., et al., 1:18-CV-01566-WMR (N.D. Ga.), and "are current and former participants of the Home Depot FutureBuilder 401(k) plan (the "Plan")." (Document No. 2, p. 2).  Petitioners summarize their position as follows:

> They have sued the Plan fiduciaries under ERISA, asserting breaches of fiduciary duty for, *inter alia*, allowing Alight Financial

3

Advisors, LLC (″AFA″) to charge unreasonable fees to Plan participants for managing the assets in accounts of participants who enrolled in the Professional Management Program offered by the Plan and administered by AFA. Among other indicators of the unreasonableness of the fees charged to Plan participants, Plaintiffs allege that AFA charges participants of other 401(k) plans substantially less for the same or similar services, and that the Plan fiduciaries totally failed to conduct any investigation in that regard.

As that information is key to their Excessive Fee claims, and since the fiduciaries of the Plan did not collect that information, Plaintiffs issued a subpoena to AFA seeking documents or data that showed the fees that AFA charges participants of other 401(k) plans for the same sort of managed account services it provided to participants of the Home Depot Plan. AFA strongly resisted producing responsive documents and/or data, claiming, *inter alia*, that the sought-after information required that it reveal "commercially sensitive and confidential documents about its business." AFA persisted in asserting that confidentiality objection throughout many of the parties' "meet and confer" discussions, even though Plaintiffs had pointed out that the fees that AFA charges for those services had been filed in publicly available reports with the Department of Labor, and disclosed on at least an annual basis to participants in all of those other plans, and the thousands, if not tens or hundreds of thousands, of participants who receive that fee information are not restricted in further publicizing the fee data.

(Document No. 2, pp. 2-3).

In the underlying action, Petitioners make very similar allegations regarding AFA's predecessor, Financial Engines Advisors, LLC ("FE"). (Document No. 2, p. 4). Petitioners contend that "the Home Depot fiduciaries employed imprudent processes when deciding to engage AFA, and in allowing FE and AFA to charge participants unreasonably high fees for managed account services." Id.

By the instant motion, Petitioners seek to compel Respondent to provide complete responses to its Request for Production of Documents Nos. 31 and 32, regarding "documents or other data showing the fees AFA charged to participants in other plans" served on AFA in a subpoena duces tecum on or about March 23, 2020. (Document No. 3-1).

4

Respondent AFA opposes Petitioners' motion(s) and asserts that Request Nos. 31 and 32 "go too far," although they will provide "a Rule 30(b)(6) witness who will testify on these topics (among many others), as requested in plaintiffs' separate subpoena to testify to AFA." (Document No. 9, p. 3) (citation omitted). Respondent contends that these Requests impose a burden that is disproportionate to the needs of this case and seek information that is subject to confidential agreements between AFA and its customers who are not parties to this litigation. (Document No. 9, pp. 4-5). Respondent argues that if production is required, Petitioners should bear the costs. (Document No. 9, pp. 13) (citations omitted).

After careful consideration of the parties' arguments, the undersigned finds that the motion to compel should be granted. Although the undersigned made this determination before reviewing Judge Ray's finding regarding the FE Motion, the undersigned observes that Judge Ray's order compels information that is nearly identical to the information sought here. See Pizarro, et al. v. The Home Depot, Inc., et al., 1:20-CV-04660-WMR, (Document No. 33, p. 2) (citing Document No. 2-1, p. 25).

The undersigned had considered holding a telephone conference to attempt to bridge the parties' differences and assist with an agreed-upon plan for production; however, in light of Judge Ray's recent decision granting the related FE Motion, the undersigned will forgo a telephone conference or hearing in the interests of judicial economy. Instead, the undersigned directs the parties to review Judge Ray's instructive decision and arrange for a production of documents responsive to Request Nos. 31 and 32 that is consistent with the Order from the Northern District of Georgia. See Pizarro, et al. v. The Home Depot, Inc., et al., 1:20-CV-04660-WMR, Document No. 33 (N.D. Ga. Feb. 12, 2021).

To the extent the parties here are unable to promptly execute a plan for the ordered production herein, they are directed to raise any further dispute with the Honorable William M. Ray II, who is presiding over the underlying action in the Northern District of Georgia. This Court regrets any delay already caused to our sister court in Georgia, and hopes the parties here will accomplish the necessary discovery without further judicial intervention.

**IT IS, THEREFORE, ORDERED** that Petitioners' "…Rule 45 Motion To Compel Production Against Alight Financial Advisors, LLC" (Document No. 1) is **GRANTED**. Respondent AFA shall provide responses to Petitioners' Request Nos. 31 and 32 on or before **March 3, 2021**.

**IT IS FURTHER ORDERED** that "Petitioners' Rule 45(f) Motion To Transfer" (Document No. 16) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** "Petitioners' Motion To Expedite Briefing Schedule On Motion To Transfer" (Document No. 19) is **DENIED**.

Signed: February 17, 2021

David C. Keesler
United States Magistrate Judge

6